JOHN D. LANE *vs.* SETH DAVIS.

A mortgage of land was made to secure five promissory notes. The mortgagee assigned the mortgage " to the extent of $1500," being the amount specified in three of the notes, with a provision that his security under the mortgage should not thereby be impaired as to the other two notes. The assignee entered to foreclose, and then by a written and sealed instrument, upon payment of a certain sum, and in consideration of a further sum to be paid, agreed that upon payment of the further sum he would convey all his right and interest in said estate to a third person; and gave immediate possession thereof. *Held*, that the original mortgagee was not entitled to receive any portion so paid to the assignee.

BILL IN EQUITY, submitted to the court upon the following agreed facts :

On the 18th of April 1860, Levi S. Fales executed two mortgages of certain real estate to D. Wheeler, one of which was given to secure five notes, amounting together to $2750, and the other to secure a note for $1250. On the 4th of June 1860 Wheeler assigned to the defendant the note for $1250, and the

mortgage given to secure the same; and also the other mortgage " to the extent of $1500, being the amount specified in three promissory notes named in said mortgage," which were particularly described, and assigned to the defendant, "it being agreed that this assignment shall in no way impair the security given by said mortgage to said Wheeler upon the two other notes secured in said mortgage, and still held by said Wheeler." On the 21st of August 1861 Davis duly entered upon the premises for breach of the condition of the mortgage, for $1250, and on the 27th of August 1863 for breach of the condition of the other mortgage; and he and those claiming under him have continued in possession ever since.

On the 22d of October 1863, Susan H. Fales, wife of said Levi S., made a bargain with Davis to purchase for $1550 (which was a fair value for the real estate) all his interest in the premises, and paid him $1400, and took from him an agreement under seal, dated that day, the material portions of which are copied in 10 Allen, 114, 115, promising, in consideration of $150 to be paid, to give her a quitclaim deed of the premises, " and all my right and interest in said estate, acquired by the act of heretofore making an entry upon the same for the purpose of foreclosing " the two said mortgages. Said Susan paid to Davis the $150 mentioned in the agreement, and he delivered to her a quitclaim deed of the premises, dated October 12th 1864.

None of the mortgage notes were ever paid. On the 26th of September 1860, Wheeler transferred to the plaintiff the remaining two notes which the mortgage for $2750 was given to secure, and assigned and conveyed to him " the premises within conveyed to me in mortgage, and all my right, title and interest in and unto the same, and also the several sums of money therein secured to be paid, excepting however out of this assignment the sum of money secured for the payment of the second, third and fourth notes in them named, for the sum of $1500, and subject also to the partial assignment to Seth Davis of said premises hereto annexed, for the amount of $1500 aforesaid."

The plaintiff offered to prove, if competent and material, that when said mortgages were made it was understood and agreed

by parol between the mortgagor and mortgagee that the $2750 mortgage should be considered and treated as the first mortgage. and that in pursuance of said agreement it was in fact put upon record five minutes before the $1250 mortgage.

It was submitted to the court to determine " whether the assignment to Davis conveyed the whole $2750 mortgaged premises to him, and if so whether he had any priority of claim of his three notes, or other note, over the other two, and whether upon these facts he holds any portion, and what, of said $1550, as trustee for said Lane, representing said two notes."

The case was reserved by *Foster*, J., for the determination of the full court.

*E. L. Sherman*, ( *C. H. Drew* with him,) for the plaintiff. The mortgage for $2750 was, both in law and in fact, the prior mortgage. It was placed on record first; and this fact of itself, in the absence of any other evidence, would give it precedence. Gen. Sts. c. 17, § 93. *Naylor* v. *Throckmorton*, 7 Leigh, ( Va.) 98. Evidence of the understanding of the parties to the two instruments as to which of them should be considered the first is competent. *Jones* v. *Phelps*, 2 Barb. Ch. 440. *Douglass* v. *Peele*, 1 Clarke Ch. (N. Y.) 563. The foreclosure by the defendant of the $2750 mortgage was a foreclosure also for all the parties interested under it. *Root* v. *Bancroft*, 10 Met. 44. *Root* v. *Stow*, 13 Met. 5. *Haynes* v. *Wellington*, 25 Maine, 458. By that foreclosure, the defendant became a trustee for the plaintiff, to the extent of the plaintiff's *pro rata* share of the money arising from the sale of the mortgaged estate under the foreclosure. *Crane* v. *March*, 4 Pick. 131. *Platt* v. *Squire*, 12 Met. 494. *Blake* v. *Sanborn*, 8 Gray, 155. *Johnson* v. *Candage*, 31 Maine, 28. In the assignment to the defendant it was expressly agreed that it should in no way affect the security upon the remaining part of the mortgage. That assignment did not convey to him an entire interest in the mortgage, but he became by it a tenant in common with the other party interested therein. By his acceptance of that assignment the defendant is estopped from claiming that he took an entire interest in the mortgage, to the exclusion of the party holding the remainder of it. Any act consequently

done by him under the said assignment would enure to the **joint** benefit of all parties interested in the mortgage, and he could not lawfully by any act of his defeat the right of any one claiming under the remaining part of the mortgage. *Burnett* v. *Pratt,* 22 Pick. 556. 1 Greenl. Ev. § 23. It being admitted that Davis received $1550 by virtue of the foreclosure of said mortgage, the plaintiff is entitled, as his share thereof, to such a proportion as the amount of the notes held by him bears to the whole amount secured by said mortgage, after deducting the expenses of foreclosure. *Donnels* v. *Edwards,* 2 Pick. 617. *Burnett* v. *Pratt,* 22 Pick. 556. *Bryant* v. *Damon,* 6 Gray, 564.

*D. S. Richardson,* for the defendant. The two mortgages were made at the same time as one transaction and for one consideration, and a parol agreement could not give either a priority. It would be a fraud on third persons that an agreement not reduced to writing should control the effect of written instruments. Both these mortgages when recorded were still held by Wheeler, the original mortgagee, and the mere fact that one was recorded five minutes before the other was immaterial. The record only operates as notice to the public of the instrument recorded, and in no way changes the effect of instruments, or gives one a priority over another, where they are all held by the same person at the time of recording. When Wheeler assigned one mortgage and three notes of the other for a full and valuable consideration, he gave priority to those three notes over the two retained by him, by the very fact of assigning the mortgage to that extent. The value of the estate sold and actual proceeds thereof, it is agreed, did not equal these three notes, and there is nothing left for the plaintiff, even if the defendant took the whole estate by his assignment. Davis owned the $1250 mortgage and $1500 of the other mortgage, and Lane owned only the two other notes, ($750 and $500,) and therefore Davis would own $2750 and Lane $1250, or in that proportion were it not that Wheeler's assignment to Davis (and subject to which Lane took his interest) gave Davis the whole fee in mortgage, and an actual priority on his three notes, and this absorbs all the estate brought, and leaves nothing for Lane. **This**

construction of the assignment to Davis is the exact construction of a similar assignment in *Bryant* v. *Damon*, 6 Gray, 564. If this construction is not correct, and the assignment to Davis conveyed only a part of the mortgaged estate, then as Davis sold only his interest in the estate to Mrs. Fales, the plaintiff cannot be entitled to the proceeds of such a sale, but must resort to his interest in the mortgaged premises which the assignment to Davis did not cover.

BIGELOW, C. J. The parol agreement, by which the mortgagor and mortgagee undertook to stipulate that one of the two mortgages should have priority over and take effect in preference to the other, can have no effect as between the parties to this suit, who had no notice of it, and took their respective interests in the mortgaged premises under the title as it appears on the face of the written contracts of the parties. The mortgages bear the same date; they were made at the same time, as part of one transaction, and were both founded on the same consideration. The fact that one of them was recorded a few minutes before the other is wholly immaterial. The title under the two mortgages passed to the mortgagee on the delivery of the two deeds, which was simultaneous. The mortgages when recorded were still held by the mortgagee. The only effect of the record was to give notice to all persons that the premises were subject to the mortgages, but it did not change or in any degree affect the legal effect and operation of the two deeds, or give one a priority over the other as against subsequent purchasers.

The case stated in the bill does not present any ground for equitable relief. The defendant did not take the portion of the estate which he acquired under the assignment of the mortgages to him in trust, but only as security for his own debt. In this respect the case differs from *Bryant* v. *Damon*, 6 Gray, 564, where the entire mortgage was assigned as security for a portion only of the mortgage debt. In the case at bar the defendant took only a title to such proportion of the mortgaged premises as the part of the debt secured by the mortgage which was assigned to him bore to the whole sum due under the mortgage. The assignment to him of the mortgage for $2750 is in express

terms only " to the extent of $1500." The result of the assign-ment of both mortgages was, therefore, to vest in the defendant an estate in common with the owner of the residue of the mort-gage for $2750, each being the owner in mortgage of such part of the estate as the debt due to each bore to the whole sum due under the mortgage. The defendant had no authority to foreclose the entire mortgage. He could only foreclose it to the extent of his interest; and this was the right which he sold to Susan H. Fales. The remaining interest was in the owner of the mortgage notes which had not been indorsed to the defend-ant. The latter has therefore received no money in trust for the use of the plaintiff, but only the value of the interest in the mort-gaged estate which was assigned to him as security for the sum due to him.                                 *Bill dismissed.*